UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TASHA M. LESTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:25-CV-00735 SPM |
| | ) |
| BAMBOO BROADWAY, LLC, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff Tasha Lester's motion to proceed in forma pauperis. [ECF No. 2]. The Court finds that the plaintiff does not have sufficient funds to pay the entire filing fee and will grant plaintiff's motion. *See* 28 U.S.C. § 1915(b)(1). The Court will dismiss this action without prejudice for the reasons discussed below.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray,* 795 F.3d 777, 787 (8th Cir. 2015). Even so, self-represented plaintiffs must allege facts which, if true, state a claim for relief as a matter

of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To sufficiently state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." Id. at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

## The Complaint

On May 20, 2025, self-represented plaintiff Tasha Lester filed this action against defendant Bamboo Broadway, LLC, alleging civil rights violations relating to the termination of her lease. She sues defendant pursuant to 42 U.S.C. § 1983, the Fair Housing Act (FHA), 42 U.S.C. §§ 3601, *et seq.*, the Equal Credit Opportunity Act, 15 U.S.C. §§ 1691, *et seq.,* and various Missouri state law claims.

Plaintiff asserts that she fell behind in her rent contract with Bamboo Broadway, LLC, between November 2024 and January 2025, and she had a "court appearance on January 8, 2025," relating to the matter. It appears that Bamboo Broadway, LLC, sued plaintiff in Missouri State Court for unpaid rent at that time. Plaintiff claims that was "ordered to pay the entire balance to

Bamboo Broadway, LLC no later than January 31, 2025, but she did not make the payment until February of 2025. Nonetheless, her payment was returned by defendant, purportedly through the mail, for a reason plaintiff has not included in her lawsuit. She states that she was asked to make the late payment again, and she did so, but by this time it was late February of 2025. The day after she made the payment to defendant, she received an email stating that her lease would not be renewed. Despite having been told that her lease would not be renewed in late February of 2025, plaintiff continued to email Bamboo Broadway, LLC requesting renewal of her lease. On May 16, 2025, plaintiff received an email from Bamboo Broadway, LLC relative to "Move Out Procedures." Although she claims that her current lease ends on May 31, 2025, in the recent lawsuit filed against her in St. Louis City Court by Bamboo Broadway, LLC for rent and expenses, defendant asserts that her lease ends on June 30, 2025. *See, e.g., Bamboo Broadway, LLC v. Lester*, No. 2522-AC07879 (22nd Jud. Cir., St. Louis City Court). Defendant seeks back rent of $2157.35, as well as $400 in late fees and $418.36 in utilities/other charges, for a total of $2975.71. *See id.* Plaintiff has not yet responded to the state court lawsuit.

      Plaintiff alleges that defendant's failure to renew her lease is racially discriminatory, even though she openly admits that she was behind in her rent and failed to pay the back rent on time. Plaintiff does not indicate what her race is in the complaint, although she claims that defendant's actions in failing to renew her lease were racially discriminatory.

      Plaintiff also claims that defendant purportedly retaliated against her for complaining about discriminatory housing practices. However, she has failed to articulate what housing practices of defendant's she complained about that were protected under either the FHA or the Constitution. She instead complains that the fact that her check was returned under "suspicious circumstances"

3

suggests retaliatory intent. However, there is no indication from plaintiff's claims that the return of the check was done due to a protected provision of the FHA.

Last, plaintiff complains that several items were stolen from a storage unit in the basement of her building on or about April 8, 2025, or after her lease was already terminated. She states that she reported the incident to the Director of Multifamily Operations, but she has not received any updates regarding the incident. It appears she is attempting to allege a state law claim for negligence against defendant Bamboo Broadway, LLC.

For relief, plaintiff seeks renewal of her lease, compensatory and punitive damages.

## Discussion

### A.  Discrimination Claims under the Fair Housing Act[1]

The FHA makes it unlawful to discriminate against any person in the terms, conditions or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, on the basis of race, color, religion, sex, familial status, national origin, or handicap. 42 U.S.C. § 3604(b), (f). It also "prohibits property owners and municipalities from blocking or impeding the provision of housing on the basis of race, color, religion, sex, familial status, or national origin." *Gallagher v. Magner*, 619 F.3d 823, 831 (8th Cir. 2010) (citing 42 U.S.C. § 3604(a)-(b)). A party asserting a housing discrimination claim under the FHA has the initial burden of proving a prima facie case of discrimination by a preponderance of the evidence. *See Radecki v. Joura*, 114 F.3d 115, 116 (8th Cir. 1997). "A claim of racial discrimination under the FHA must

---

[1] Plaintiff refers to claims under the Civil Rights Act of 1968 in her complaint in addition to those under the Fair Housing Act. The Fair Housing Act is a specific part of the Civil Rights Act of 1968, and it is also known as Title VIII of that Act. Essentially, the Fair Housing Act is the name most commonly used to refer to the specific section of the Civil Rights Act of 1968 that addresses housing discrimination.

be supported by more than an allegation of harm and membership in a protected class to survive initial review." *Wheatley v. Beasley*, 2021 WL 1667503, at *3 (E.D. Mo. Apr. 28, 2021).

As to her racial discrimination claim, plaintiff does not provide any facts to explain how the defendant allegedly discriminated against her because of her race. To the contrary, plaintiff admits that defendant had to take her to Court for eviction proceedings, not once, but twice, because she owed unpaid debts for back rent. *See, e.g., Bamboo Broadway, LLC v. Lester,* No. 2522-AC07879 (22nd Jud. Cir., St. Louis City Court). Plaintiff, however, makes no mention of how she was discriminated against based on one of the provisions outlined in the FHA. *See Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002) (stating "the court is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations"); *Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017) (stating "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do").

"[A] complaint needs 'to allege more by way of factual content to nudge [a] claim of purposeful discrimination across the line from conceivable to plausible.'" *Id.* (quoting *Iqbal*, 556 U.S. at 683). In other words, a "'federal complaint must contain the 'who, what, when and where' of what happened[.]'" *Drummer v. Corizon Corr. Health Care*, 2016 WL 3971399, at *1 (E.D. Mo. July 25, 2016).

Plaintiff has not alleged any factual information showing she was treated differently due to one of the protected provisions within the FHA. As a result, liberally construing plaintiff's complaint, her FHA race discrimination allegations against defendant fail to state a claim upon

which relief can be granted. The Court will dismiss this claim without prejudice under 28 U.S.C. § 1915(e)(2)(B).

### B. Equal Credit Opportunity Act

Plaintiff states generally in her complaint that she is bringing a claim against defendant under the Equal Credit Opportunity Act (ECOA), which prohibits creditors from discriminating against applicants based on several listed factors. *See* 15 U.S.C. § 1691(a). Briefly, to establish a prima facie claim for discrimination under the ECOA, a plaintiff must show she was a member of a protected class, she qualified for a loan and applied but was rejected, and the lender continued to approve loans for applicants with similar qualifications. *Christian v. Com. Bank NA.*, Case No. 4:14-cv-00201-AGF, 2014 WL 5420266, at *2 (E.D. Mo. Oct. 22, 2014) (citing *Rowe v. Union Planters Bank*, 289 F.3d 533, 535 (8th Cir. 2002)). In this case, plaintiff does not allege facts that would establish any of the foregoing. There is no indication in the complaint that defendant was a creditor, or that plaintiff qualified for a loan from defendant (or that she applied for a loan from defendant), and that defendant discriminated against her based on her being a member of a protected class. For these reasons, plaintiff has failed to state a claim under the ECOA.

### C. Plaintiff's Constitutional Claims

Plaintiff alleges retaliation claims against defendant under the First Amendment, as well as due process claims under the Fifth and Fourteenth Amendment. Plaintiff's claims under the Constitution must flow through 42 U.S.C. § 1983.

To state a claim for relief under 42 U.S.C. § 1983, "a plaintiff must allege sufficient facts to show (1) that the defendant(s) acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right." *Zutz v. Nelson*, 601

F.3d 842, 848 (8th Cir. 2010). Regarding the first element, a defendant can only be held liable pursuant to § 1983 for actions taken under color of state law. *Carlson v. Roetzel & Andress*, 552 F.3d 648, 650 (8th Cir. 2008). *See also Magee v. Trustees of Hamline Univ., Minn.*, 747 F.3d 532, 535 (8th Cir. 2014) (stating that § 1983 "imposes liability for certain actions taken under color of law that deprive a person of a right secured by the Constitution and laws of the United States"); *Sanders v. Sears, Roebuck & Co.,* 984 F.2d 972, 975 (8th Cir. 1993) (stating that § 1983 secures constitutional rights from government infringement, not infringement by private parties); and *Montano v. Hedgepeth*, 120 F.3d 844, 848 (8th Cir. 1997) (stating that pursuant to § 1983, "the challenged conduct must have been committed by one who acts under color of law").

Plaintiff fails to allege that defendant Bamboo Broadway, LLC is a state actor or that it acted under color of law. *See Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004) (noting that when a private actor acts under color of law it can be held liable under 42 U.S.C. § 1983). As such, plaintiff's allegations fail to state that Bamboo Broadway, LLC violated her constitutional rights.

### D.  The Court Declines to Exercise Supplemental Jurisdiction

Having thoroughly reviewed and liberally construed the complaint, the Court concludes that it is subject to dismissal because it is frivolous and/or fails to state a claim upon which relief may be granted. The Court can envision no amendment to the complaint that would cause it to state a plausible claim for relief. The Court will therefore dismiss this action at this time, without prejudice, and will decline to exercise supplemental jurisdiction over any state law claims plaintiff may be understood to bring. *See* 28 U.S.C. § 1367(c)(3); *United Mine Workers v. Gibbs*, 383 U.S 715, 726 (1966) (if federal claims are dismissed before trial, remaining state claims should also be

dismissed); *Crest Construction II, Inc. v. Doe,* 660 F.3d 346, 359 (8th Cir. 2011) (where all federal claims have been dismissed, district court's decision to decline supplemental jurisdiction over state claims is "purely discretionary").

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** as frivolous and/or for failure to state a claim.

**IT IS FURTHER ORDERED** that an appeal of this Order would not be taken in good faith.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 11th day of June, 2025.

                          HENRY EDWARD AUTREY
                          UNITED STATES DISTRICT JUDGE